### R. E. MASON *et al. v.* SMITH & HARRIS.

DAMAGES. *Appeal bond. Payment of part of judgment.* The damages stipulated for in an appeal bond are the damages in consequence of the appeal, being the interest at the rate of six per cent. per annum upon the amount of the judgment of the lower court from the date of its rendition to the recovery in the appellate court, and any payment made on the debt from the last judgment will be applied by law to the satisfaction of such damages in the first instance.

#### FROM FAYETTE.

Appeal in error from the Circuit Court of Fayette county.    T. J. FLIPPIN, J.

JONES & GALLOWAY for Mason.

T. K. REDDICK, for Smith & Harris.

COOPER, J., delivered the opinion of the court.

Smith & Harris brought an action before a justice of the peace against Alfred Lacy upon a promissory note.    The justice rendered a judgment, February 6, 1880, in favor of the plaintiffs against the defendant for $156.80.    Lacy appealed to the circuit court, the present appellants becoming his sureties on the appeal bond.    The bond was, however, only conditioned to pay " all costs and damages that may be adjudged against him (the defendant) by the court having cognizance thereof."    The cause was tried in the circuit court June 25, 1880, the jury finding a verdict in

favor of the plaintiffs and against the defendant for $161.78, whereupon it was considered by the court that the plaintiffs recover of defendant the principal of the note sued on, being the sum of $89.60, and that the plaintiffs recover of defendant and his sureties of appeal, naming them, the damages, being the interest on said note so found by the jury, to-wit: $72.18, and the costs of suit.

Upon the rendition of the justice's judgment the plaintiffs sued out an execution by making the necessary affidavit. By virtue of this execution the sheriff levied on certain goods of the defendant, from the sale of which he realized the net sum of $44.95, and paid the money into court on March 11, 1880. The trial judge ordered this fund to be applied first to the payment of costs, and any surplus to be applied to the discharge of the principal debt. The bill of exceptions shows that the note sued on was executed May 20, 1872, for $89.60, payable one day thereafter, with interest at the rate of ten per centum per annum. It was contended in the court below that the sureties on the appeal bond were only liable, by way of damages, for the interest from the date of the justice's judgment to the rendition of the judgment by the circuit court. But his Honor, the trial judge, held that the damages for which the sureties were liable consisted of the entire interest on the note, computed at the rate of ten per cent. per annum as called for on the face of the note, from its maturity until the finding of the verdict by the jury. The sureties then moved the court that the fund of $44.95 be applied to the payment of costs,

of suit, and any surplus to the satisfaction *pro tanto* of the damages.    The court ruled that the fund be applied first to the payment of costs, and any surplus in part satisfaction of the debt as distinguished from the interest or damages.    The sureties have brought the case to this court by writ of error, and insist that the rulings below were erroneous.

By the Code, sec. 3162, in actions founded on promissory notes where the defendant appeals from a judgment against him, the appeal bond is required to be conditioned for the payment of the whole debt, damages and costs, and for the satisfaction of the judgment of the superior court where the cause may be finally tried and determined; and in such case the appellant shall pay interest at the rate of twelve and one-half per centum per annum.    The rate of interest prescribed by the last clause was changed to six per centum per annum by the act of 1865, ch. 17, brought into the Revised Statutes in sec. 3137*a.*    The appeal bond in this case does not conform to the requirements of the statute, and is conditioned only for the payment of "all costs and damages."    But it has long been the settled law of the State that where a bond given for the prosecution of a suit, an appeal or a *certiorari,* does not contain all the conditions required, it will be good as far as it goes, if the cause be proceeded with on the faith of the bond, and judgment may be rendered against the principal and sureties to the extent of the bond, and against the principal alone for the residue:    *Greer* v. *Williford,* Peck, 290; *Nichol* v. *McCombs,* 2 Yer., 83; *Jennings* v. *Ray,* 8 Yer., 85.

If, therefore, the bond be only for damages and costs
when it should have been for the debt also, the judg-
ment against the surety can only be for the damages
and costs.

By an early ·statute in this State, act of 1809, ch.
49, sec. 27, a penalty of twelve and one-half per cent.
on the amount of the judgment, regardless of the length
of time the suit had been pending, was fixed as the
measure of damages for wrongfully presenting an appeal
in error.   Afterwards, by the act of 1823, ch. 54,
sec. 3, it was provided that upon affirmance of the
judgment below, the appellee, in addition to the judg-
ment, should recover interest thereon at the rate of
twelve and one-half per cent. per annum up to the
time of the rendition of the judgment in the court
above.   In a case in which the appeal bond was only
conditioned for the payment of the cost and damages,
it was contended that, under the act of 1823, there were
no damages, the statute providing for interest, not dam-
ages.   But the court said: "We have no doubt the
interest after the rate of twelve and one-half per cent.
per annum is damages within the meaning of the act
of Assembly.   It would be difficult to say ordinary
interest at the rate of six per centum per annum was
not; we understand the court to have said in *Nichol
and McAllister* v. *McCombs,* 2 Yer., 83, it was dam-
ages": *Banks* v. *Brown,* 4 Yer., 198.   And so it
has been invariably held: *Smith* v. *Erwin,* 5 Yer., 296;
*Tipton* v. *Anderson,* 8 Yer., 222 ; *Maxwell* v. *Salts,* 4
Cold., 235.   The decisions since the adoption of the
Code are to the same effect, although a new judgment

be rendered in the circuit court, and although the interest has been reduced from the rate of twelve and one-half per cent. to six per cent: *Mason* v. *Metcalf*, 4 Baxt., 440; *Mason* v. *Anderson*, 12 Heis., 38. By the Code, sec. 3163, in all cases of appeal in suits at law, except where the action is founded on the written instruments mentioned in sec. 3162, the bond is required to be conditioned for damages and costs only, and interest shall be recovered at the rate of six per cent per annum. If the bond be conditioned also for the payment of the debt it is void to that extent: *Banks* v. *McDowel*, 1 Cold. 85. Or, as said in *Hutchinson* v. *Fulghum*, 4 Heis., 550, the bond will not bind the surety "except as to costs and interest as damages." And in *Sharp* v. *Pickens*, 4 Cold., 268, although the appeal bond was to "pay and satisfy such judgment as may be awarded," and in double the amount of judgment below, this court rendered judgment against the principal for that judgment, and against him and the surety of appeal "for the damages in consequence of the appeal, which is interest at the rate of six per centum per annum upon the amount of the judgment of the circuit court from the date of its rendition to this time, together with the costs of the appeal." The same construction has been put upon the word "damages" in the bond required for an appeal in chancery cases. In *Dodson* v. *Dodson*, 6 Heis. 110, an executor appealed from a money decree rendered against him in his representative capacity. He gave bond in double the amount of the decree conditioned for the payment of the decree, damages and costs. The bond

was not obligatory on the surety so far as it un-
dertook to bind him for the amount of the decree.
This court found the executor liable for double the
amount of the recovery below, and directed a decree
to be entered against him and the sureties on the
appeal bond for the amount of decree below with
interest from the date of its rendition and for all costs,
and against the executor alone for the excess over the
chancellor's decree.

The result of these authorities is that the word
"damages" in an appeal bond means the damages in
consequence of the appeal, that is the interest at the
rate fixed by statute upon the amount of the judgment
below from the date of its rendition to the time of
entering the judgment above. And the damages are
recoverable against the surety whenever the appeal is
not prosecuted with effect, that is to say where the
final recovery is for the same or a larger amount
than the judgment below.

An able and ingenious argument has been pressed
upon the court by the learned counsel of the appellees
to the effect that the bond in this case covers "all
damages," and that interest is the "damages fixed by
law" for the non-performance of certain contracts :
*Bank* v. *Williams*, 3 Cold., 579 ; *Nunnellee* v. *Morton*,
Cooke, 21. But if the word "damages" in appeal
bonds has acquired a fixed meaning by the decisions
of the court which confines it to the interest from the
date of the rendition of the judgment below, it would
be making another contract for the sureties than the
one they entered into if we give the word a different

meaning in this case. And the very point thus contended for has been made in two of our reported cases. In *Jones* v. *Parsons*, 2 Yer., 321, the action was assumpsit for building a house, where the recovery was in damages, and the sureties of appeal were released because the bond was not in conformity with the statute. Judge Catron, who delivered the opinion of the court in that case, tells us in a subsequent case, (*Matlock* v. *Bank*, 7 Yer., 95,) that as the recovery was in damages, the strict words of the bond, which bound the obligors for damages and costs, covered the verdict and judgment; but, he adds, "the securities must have been reached by a construction contrary to the form prescribed by the act of Assembly, and *that* forced, for the damages covenanted to be paid might be the twelve and one-half per cent. interest per annum given by the 64th section of the act, should the judgment be affirmed." In *Gholson* v. *Brown*, 4 Yer., 496, the action was covenant and the recovery in damages. The appeal bond was only for costs and damages. The point was made that the words of the bond covered the judgment. The court, Catron, C. J., delivering the opinion, said: "We think there is nothing in the distinction attempted that this action of covenant sounded in damages below. * * The securities here are only bound for the damages and costs that may be awarded against their principals in this court for wrongfully prosecuting the appeal." And the court gave judgment against sureties for the damages after the rate of twelve and one-half per centum per annum.

It is probable that the sureties in the case before us have escaped liability for the judgment of the circuit court by a clerical omission in drafting the bond, and that the ends of justice might be nearer attained by holding them liable for the whole of the interest as damages. But our duty is to administer the law as we find it, not to alter it in order to meet hard cases.

His Honor, the circuit judge, erred also in the judgment rendered in relation to the application of the fund in court. The money was realized, and paid into court before the trial of the cause in the circuit court, and applied by the court after the rendition of the judgment. Treated as a payment either upon the debt or the judgment, there was no application of the payment by any of the parties. The application must therefore be made by the law. No objection is taken to the ruling of the circuit judge that so much of the fund as was necessary should be applied to the payment of the costs of the cause. The general rule in the application of payments by law is that a partial payment shall first be applied to the discharge of interest due, and the balance in discharge of principal: *Jones* v. *Ward*, 10 Yer., 161. Another rule on the subject adopted in this State is that the law will apply a payment according to the intrinsic justice and equity of the case: *Bussey* v. *Gant*, 10 Hum., 238. Taking these two rules together, the money should be applied to the interest by way of damages which is given by law upon the amount of the justice's judgment.

It is suggested by the learned counsel of the

appellees that there would be some difficulty in renering judgment for part of the interest by way of damages against the sureties, and for the debt and the residue of the interest against the principal. But the cases already cited show that the judgment may be moulded, without difficulty, so as to suit the facts. See Code, sec. 2974. And in *Jenkins* v. *Skillern*, 5 Yer., 288, where the appeal bond recited the judgment at for a less sum than it was in fact, the court rendered a judgment against the principal for the true amount with the damages, and against the surety "for the sum described in the bond only."

The judgment will be reversed, and judgment rendered here in accordance with this opinion.